OPINION
Defendant-appellant Lafaye P. Moore appeals his sentences in the Delaware County Court of Common Pleas on one count of robbery, in violation of R.C. 2911.02, and one count of receiving stolen property, in violation R.C. 2913.51. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On March 11, 1996, the Delaware County Grand Jury indicted appellant on the aforementioned charges. A jury trial commenced on August 27, 1996. After hearing all the evidence and deliberations, the jury found appellant guilty as charged in the indictment. On August 30, 1996, the trial court sentenced appellant under Pre-Senate Bill 2 guidelines to an indefinite term of six to fifteen years on the robbery count, and eighteen months on the receiving property count. The trial court ordered the counts to be served consecutively. Appellant filed a timely notice of appeal to this Court, raising six assignments of error:
 I. THE COURT ERRED IN REFUSING TO SUPPRESS HE IDENTIFICATION OF THE DEFENDANT UNDER THE FACTS OF THE CASE.
 II. THE COURT ERRED IN ADMITTING "SCIENTIFIC EVIDENCE" CONCERNING GLASS FRAGMENTS AND SHOE MARKINGS BE (SIC) PRESENTED TO THE JURY.
 III. THE COURT ERRED IN OVERRULING THE MOTION TO SUPPRESS AND/OR DISMISS ON THE BASIS OF THE IMPROPRIETY OF THE INVESTIGATIVE STOP AND SUBSEQUENT INFORMATION GATHERED.
 IV. THE JURY'S VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 V. THE COURT ERRED IN REFUSING TO GRANT DEFENDANT/APPELLANT'S MOTION FOR MISTRIAL BASED ON EVIDENCE OFFERED BY THE STATE OF OHIO REFLECTING UNCHARGED CRIMINAL CONDUCT ON THE CLAIMED BASIS OF IDENTITY.
On July 24, 1997, this Court affirmed appellant's convictions in State v. Moore (July 24, 1997), Delaware App. No. 96CAA09052, unreported. Appellant filed a Delayed Memorandum in Support of Jurisdiction in the Ohio Supreme Court, which the Supreme Court denied on November 12, 1997. Subsequently, on June 1, 1998, appellant filed an Application for Reopening Pursuant to App.R. 26(B). In his application, appellant argued appellate counsel was ineffective for failing to raise the trial court's failure to sentence him in accordance with Senate Bill 2 guidelines. On June 23, 1998, this Court granted reopening of appellant's appeal.
Appellant raises as his sole assignment of error:
 I. TRIAL COURT ERRED IN FAILING TO PROVIDE APPELLANT OPPORTUNITY TO ELECT WHETHER TO BE SENTENCED UNDER THE LAW IN EFFECT AT THE TIME OF SENTENCING, IN VIOLATION OF SECTION 10, ARTICLE I OF THE FEDERAL CONSTITUTION AND SECTION 28, ARTICLE II OF THE OHIO CONSTITUTION. (SENTENCING TRANSCRIPT, PP. 3-7).
Herein, appellant argues he should have been given an opportunity to elect whether to be sentenced pursuant to the law in effect on the date of the offense, or the law in effect on the date of sentencing. Although appellant recognizes the Ohio Supreme Court in State v. Rush (1998), 83 Ohio St.3d 53, found the amended sentencing provisions of Senate Bill 2 only apply to those crimes committed on or after the effective date (July 1, 1996), appellant submits Rush is "at odds with the Ex Post Facto Clause of the Federal Constitution and the restrictions against retroactive legislation embodied in Section 28, Article II of the Ohio Constitution." Merit Brief of Defendant-Appellant at 7.
In Rush, supra, the Ohio Supreme Court not only held the amended sentencing provisions of Senate Bill 2 only apply to those crimes committed on or after the effective date, but also held "Section 5 of S.B. 2, as amended by Section 3 of S.B. 269, does not violate the constitutional prohibitions against ex post facto
and retroactive legislation." Id. at 60. Accordingly, we find the trial court did not err in failing to provide appellant with the opportunity to elect under which law to be sentenced.
Appellant's sole assignment of error is overruled.
The sentences of the Delaware County Court of Common Pleas are affirmed.
By: Hoffman, J., Gwin, P.J. and Reader, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Delaware County Court of Common Pleas is affirmed. Costs assessed to appellant.